Filed 9/13/21  P. v. Aguilera CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B308311 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA352700) |
| v. | |
| EDUARDO AGUILERA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Jonathan E. Demson, under appointment by Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Eduardo Aguilera appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95 for his prior convictions of attempted murder and voluntary manslaughter.[1]  He contends the trial court erred in concluding section 1170.95 does not apply to his attempted murder and voluntary manslaughter convictions.  He also argues the court's denial of his petition violated his rights to equal protection and due process under the federal and California constitutions.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2009, appellant was charged with murder and other crimes based on a drive-by shooting.  Appellant later pled no contest to attempted murder (§§ 187, subd. (a), 664) and voluntary manslaughter (§ 192, subd. (a)), and admitted to gang (§ 186.22, subd. (b)) and principal gun use allegations (§ 12022.53, subd. (c)).  The trial court sentenced him to 20 years in state prison.

In 2019, appellant petitioned for resentencing under section 1170.95.  The petition stated appellant "pled guilty or no contest to 1st or 2nd degree murder in lieu of going to trial . . . ."  The court appointed counsel for appellant.  The People filed an "opposition to prima facie finding of eligibility for resentencing," and pointed out that contrary to the petition, defendant pled guilty to attempted murder and voluntary manslaughter.  Appellant's counsel filed a reply.  The trial court denied the petition on the ground that "section 1170.95 does not apply to either the offense of attempted murder or the offense of manslaughter, and [appellant] is therefore ineligible for relief."

---

[1]     All further statutory references are to the Penal Code.

2

Appellant timely appealed.

*DISCUSSION*

## 1. *Section 1170.95 does not apply to convictions of attempted murder*

In support of his argument that section 1170.95 applies to attempted murder convictions, appellant cites to *People v. Medrano* (2019) 42 Cal.App.5th 1001, review granted March 11, 2020, S259948 (*Medrano*), *People v. Larios* (2019) 42 Cal.App.5th 956, review granted February 26, 2020, S259983 (*Larios*), and *People v. Sanchez* (2020) 46 Cal.App.5th 637, review granted June 10, 2020, S261768 (*Sanchez*). While these cases all conclude that Senate Bill No. 1437 applies to attempted murder on direct appeal, *Medrano* and *Larios* also held that defendants convicted of attempted murder are not eligible for resentencing under section 1170.95. (*Medrano*, at pp. 1015–1016; *Larios*, at pp. 968–970.) The court in *Sanchez* did not address the issue. By contrast, no appellate court has held that section 1170.95 applies to defendants convicted of attempted murder.

According to the plain language of section 1170.95, the statute applies to "[a] person convicted of felony murder or murder under a natural and probable consequences theory" (§ 1170.95, subd. (a)), and not to petitioners seeking relief from a final conviction of attempted murder. (See *People v. Harris* (2021) 60 Cal.App.5th 557, 566, review granted Apr. 21, 2021, S267529 (*Harris*).) That limitation does not contravene constitutional equal protection guarantees. (See *People v. Love* (2020) 55 Cal.App.5th 273, 287, review granted Dec. 16, 2020, S265445; *People v. Munoz* (2019) 39 Cal.App.5th 738, 760, review granted Nov. 26, 2019, S258234; *People v. Lopez* (2019)

3

38 Cal.App.5th 1087, 1107–1112, review granted Nov. 13, 2019, S258175.)

## 2. *Section 1170.95 does not apply to convictions of voluntary manslaughter*

The trial court's conclusion that section 1170.95 does not apply to convictions of manslaughter has been endorsed by several recent Court of Appeal decisions. (*Harris, supra,* 60 Cal.App.5th at pp. 565–569; *People v. Paige* (2020) 51 Cal.App.5th 194, 200–204 (*Paige*); *People v. Sanchez* (2020) 48 Cal.App.5th 914, 917–920 (*Sanchez*); *People v. Turner* (2020) 45 Cal.App.5th 428, 434–438 (*Turner*); *People v. Flores* (2020) 44 Cal.App.5th 985, 992–997 (*Flores*); *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*).) We agree with our sister courts that "the language of the statute unequivocally applies to murder convictions. There is no reference in the statute to the crime of voluntary manslaughter. To be eligible to file a petition under section 1170.95, a defendant must have a first or second degree murder conviction. The plain language of the statute is explicit; its scope is limited to murder convictions. [Citation.] [¶] . . . The plain reading of the statute is consistent with the legislative goal of Senate Bill No. 1437 (2017–2018 Reg. Sess.). That bill was enacted to correct the unfairness of the felony murder rule so that murder convictions could be vacated by filing section 1170.95 petitions. [Citations.] The felony murder rule, however, is not applicable to the crime of voluntary manslaughter." (*Cervantes*, *supra*, at p. 887.)

Appellant counters that he was initially charged with murder but pled guilty to manslaughter. He argues eligibility for resentencing under subdivision (a)(2) of the statute because he accepted "a plea offer in lieu of a trial at which he could be

4

convicted for first degree or second degree murder."[2]  We agree with the *Flores*, *Turner*, *Paige*, *Sanchez* and *Harris* courts, all of which correctly rejected this argument.  A manslaughter plea, even one entered when a defendant was originally charged with murder, does not fall within section 1170.95.

3.      ***The exclusion of manslaughter from section 1170.95 eligibility does not violate equal protection or due process***

Appellant argues that denying section 1170.95 relief to those convicted of voluntary manslaughter violates his federal and state constitutional rights to equal protection and due process.  We disagree.

The Legislature's decision not to provide relief for defendants convicted of manslaughter does not offend equal protection principles.  "[V]oluntary manslaughter, [is] a different crime from murder, [and] carries a different punishment.  Normally 'offenders who commit different crimes are not similarly situated' for equal protection purposes.  [Citation.] '[O]nly those persons who are similarly situated are protected from invidiously disparate treatment.' [Citation.]" (*Cervantes*, *supra*, 44 Cal.App.5th at p. 888; see also *Harris*, *supra*, 60 Cal.App.5th at pp. 569–571; *Paige*, *supra*, 51 Cal.App.5th at pp. 205–206; *Sanchez, supra*, 48 Cal.App.5th at pp. 920–921.)

---

[2]      Section 1170.95, subdivision (a)(2) provides:  "The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder."

5

Nor does such an exclusion violate the right to due process. " '[S]ubstantive due process requires a rational relationship between the objectives of a legislative enactment and the methods chosen to achieve those objectives.' [Citation.] Here there was such a relationship. The legislative goal was to eliminate the sentencing disparity caused by the felony murder rule. That goal was properly achieved by the section 1170.95 petition procedure to vacate those murder convictions." (*Cervantes*, *supra*, 44 Cal.App.5th at p. 889.)

4.    ***The trial court did not err in summarily denying the petition***

Here, the trial court properly denied relief because, having pled no contest to manslaughter and attempted murder, appellant is ineligible for resentencing as a matter of law. Where a determination of eligibility does not require an inquiry into the underlying facts of the offenses, a trial court does not err by denying the petition without issuing an order to show cause. (Cf. *People v. Lewis* (2021) 11 Cal.5th 952, 971.)

### DISPOSITION

The order denying appellant's section 1170.95 petition for resentencing is affirmed.

RUBIN, P. J.

WE CONCUR:

BAKER J.                                KIM, J.

6